# HAGENS BERMAN

Steve W. Berman    steve@hbsslaw.com

*ATTORNEYS AT LAW*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 SECOND AVENUE, SUITE 2000
SEATTLE, WA 98101

hbsslaw.com

(206) 268-9320 phone    (206) 623-0594 fax

May 7, 2025

<u>VIA ECF/ACMS</u>

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      Re:    *Gibson, et al. v. Cendyn Group, LLC, et al.*, No. 24-3576
             Recent Authority Letter (Fed. R. App. P. 28(j))

Dear Ms. Dwyer:

      On behalf of Plaintiff-Appellants, we write in response to Defendant-Appellees Rule 28(j) letter submitted on April 29, 2025 regarding *Real Estate Exchange Inc. v. Zillow Group, Inc.*, No. 24-685 (9th Cir. Mar. 3, 2025) ("REX").

      In *Rex,* the Ninth Circuit held that an optional rule, promulgated by a Defendant trade association, the National Association of Realtors ("NAR"), was "not direct evidence of concerted action" between NAR and Defendant Zillow, a member of the trade association. Slip Op. 3. Unlike in this case, Plaintiff Rex never identified any express contractual agreements between Defendant NAR and Defendant Zillow.

      Plaintiff Rex did identify certain contracts between Defendant Zillow and non-Defendant MLSs. *REX* ECF 73.1 at 28–29. But, as the Ninth Circuit explained, Plaintiff Rex had "forfeited any claim of a conspiracy between Zillow and the non-Party MLSs that did not include NAR" and "Rex never made a concrete allegation of a separate conspiracy involving Zillow and individual MLSs." Slip Op. 4. Thus, the existence of unrelated written contracts between Zillow and non-Defendants did not establish an agreement between Zillow and NAR, which was the Section 1 claim that the *Rex* Plaintiffs actually brought.

HAGENS BERMAN

Molly Dwyer, Clerk of Court
May 7, 2025
Page 2

      Therefore, the unpublished opinion in *Rex* did not alter or change the well-established precedent that express contractual agreements are "direct evidence of concerted activity." *Paladin Assocs., Inc., v. Montana Power Co.*, 279 F.2d 128, 130. For example, the Ninth Circuit recently held that a district court had erred when it determined that a "non-negotiated contract of adhesion" was "outside the scope of Section 1" because "that holding plainly contradicts Section 1's text, which reaches '[e]very contract[.]'" *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 982 (9th Cir. 2023).

      Unlike in *Rex*, the unreasonable restraint that Plaintiffs challenge here are express contractual agreements between Defendant Cendyn and the Casino Hotel Defendants by which Cendyn provides revenue management services to the Casino Hotels. *See* 5-ER-770, 778. This set of contracts satisfies the first element of a Section 1 claim—an agreement—because they are direct evidence of concerted activity.

Very truly yours,

HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ *Steve W. Berman*

STEVE W. BERMAN

*Counsel for Plaintiff-Appellants*

cc: Counsel of Record via ECF/ACMS