

**U.S. Department of Justice**

Antitrust Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

May 16, 2025

**BY ELECTRONIC FILING**

Hon. Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re: Citation of Supplemental Authority Under Federal Rule of Appellate Procedure 28(j) in *Gibson v. Cendyn Group, LLC*, No. 24-3576 (argued May 12, 2025)

After the United States' oral argument, appellees' counsel suggested that *In re Musical Instruments & Equipment Antitrust Litigation* cited *Dickson v. Microsoft Corp.*, 309 F.3d 193 (4th Cir. 2002), for the proposition that it would be inappropriate to evaluate vertical agreements together to determine whether they unreasonably restrain trade. That is incorrect.

*Musical Instruments* cited *Dickson* simply as an example of how "[s]ome courts have distinguished between 'rimmed' and 'rimless' hub-and-spoke conspiracies." 798 F.3d 1186, 1192 n.3 (9th Cir. 2015). It then cited *Leegin Creative Leather Products v. PSKS, Inc.* for the proposition that "a collection of purely vertical agreements . . . may yet unreasonably restrain trade." *Id.* And *Leegin endorses* collective consideration of vertical agreements. 551 U.S. 877, 897 (2007) ("factors" "relevant to [rule-of-reason] inquiry" include whether "many competing manufacturers adopt the practice"). Indeed, one court in this Circuit has explained how the broader reading of *Dickson* urged by appellees is inconsistent with this Court's precedent. *Orchard Supply Hardware LLC v. Home Depot USA, Inc.*, 967 F. Supp. 2d 1347, 1361-62 (N.D. Cal. 2013).

Appellees' counsel also claimed they "are disputing the concerted-action requirement, not because there's no agreement—there's a nonexclusive license agreement—but because there's no restraint of trade." Arg. 19:43. *But see Am. Needle, Inc. v. NFL*, 560 U.S. 183, 186 (2010) ("The question

1

whether an arrangement is a contract, combination, or conspiracy," *i.e.*, "concerted action," "is different from and antecedent to the question whether it unreasonably restrains trade."). To the extent appellees now dispute the concerted-action element of the vertical claim, their concession that Cendyn and the casino-hotels have contractual agreements resolves that question. *Id.* at 199 ("[A]n agreement between nut and bolt manufacturers is still subject to § 1 analysis."); *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 982 (9th Cir. 2023) ("[E]xempt[ing] [a contract] from antitrust scrutiny . . . would be to read the word 'contract' out of the statute."). The subsequent question—one the district court never considered—is whether the complaint, viewed in the light most favorable to plaintiffs, plausibly alleges these agreements collectively had an anticompetitive effect.

Respectfully submitted,

/s/ Spencer D. Smith

SPENCER D. SMITH
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001
(202) 227-6213
spencer.smith@usdoj.gov

*Counsel for the United States*

cc: All Counsel of Record (by ECF notice)