555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

May 21, 2025

**VIA ECF FILING**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

> Re: Response to the Department of Justice's May 16, 2025 Fed. R. App. P. 28(j) Letter in *Gibson v. Cendyn Group, LLC,* No. 24-3576 (argued May 12, 2025)

Defendants submit this response to DOJ's submission of "supplemental authority." Rule 28(j) allows a "party[]" to submit "pertinent and significant authorities [that have] come to a party's attention … after oral argument." DOJ is not a party to this appeal, and its letter identifies no new authority. The submission is simply an improper, unauthorized, post-argument rebuttal by an amicus.

If the Court nonetheless considers it, DOJ's rebuttal only underscores that the district court's decision should be affirmed.

*First*, the non-exclusive license agreements entered into between 2004 and 2014 are not restraints of trade because they do not bind any Hotel Defendant to do anything and lack any causal nexus to the alleged anticompetitive effects (*i.e.*, supposed price increases in 2015). Answering Br.57-60. Word games aside, DOJ did not and does not dispute these key substantive points.

*Second*, DOJ's attempt to re-argue vertical aggregation is fatally undermined by its continued avoidance of the actual allegations in this case. Footnote 3 of *Musical Instruments* cited two cases: (i) *Dickson v. Microsoft Corp.*, which looked at each agreement "individually" and refused to aggregate, 309 F.3d 193, 210 (4th Cir. 2002); and (ii) *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 551 U.S. 877 (2007), which does not "endorse[] collective consideration of vertical agreements," as DOJ argues. *Leegin* noted that resale price maintenance agreements could pose "economic dangers" if used to "facilitate" a "horizontal cartel ... among

May 21, 2025
Page 2

**LATHAM & WATKINS** LLP

... competing retailers." *Id.* at 893. And in the decade-old district court decision DOJ cites, the court found it "inappropriate" to aggregate "vertical agreements" absent allegations that, "individually," they "have an anticompetitive effect." *Orchard Supply Hardware LLC v. Home Depot USA, Inc.*, 967 F. Supp. 2d 1347, 1363 (N.D. Cal. 2013).

None of those facts or legal theories are at issue here. Plaintiffs abandoned their horizontal conspiracy claim and all arguments made in support of that claim. Reply Br.32. Plaintiffs allege no facts to support any individualized claim of anticompetitive effects. And DOJ still cites no case that endorses aggregation of competitive effects or market power on a vertical claim with factual allegations akin to those here.

Respectfully submitted,

*/s/ Melissa Arbus Sherry*
Melissa Arbus Sherry
of LATHAM & WATKINS LLP

*Counsel for Defendant-Appellee Cendyn Group, LLC*

cc: Counsel of Record via CM/ECF